CAL GARLINGTON v. THE STATE.

No. 1762. Decided May 8, 1912.

Rehearing denied June 26, 1912.

**1.—Intimidation—Misdemeanor—Special Charge.**

In the absence of a bill of exceptions to the refusal of a special charge, in a misdemeanor case, the same can not be considered on appeal. Following Giles v. State, 66 Texas Crim. Rep., 638.

**2.—Same—Sufficiency of the Evidence.**
    Where, upon trial of intimidation, the evidence sustained a conviction, there was no error.

Appeal from the County Court of Sabine. Tried below before the Hon. T. R. Smith.

Appeal from a conviction of intimidation; penalty, a fine of $25.

The information charged that the defendant did unlawfully by act of violence and intimidation, to wit, by words and by threatening gestures with a gun, the same being then and there a deadly weapon, prevent affiant J. P. C. from performing the duties of his affiant's lawful employment, which then and there was the cultivation of a crop, to wit, plowing corn, which said employment affiant was then and there lawfully engaged in, against, etc.

The evidence sustained the allegation in the information and showed that defendant had been employed by the State's witness to work a certain corn crop; that when defendant failed to do so and the complainant sent his boys to work said crop, the defendant came there and ran them off with a gun.

No brief on file for appellant.

. *C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—By proper complaint and information appellant was charged with preventing another from performing his duty in a lawful employment by acts of violence and intimidation. The charge submits the question properly under the pleadings.

There is no statement of facts nor bills of exceptions. Hence, we can not consider any of the questions attempted to be raised by the motion for new trial.

The judgment is affirmed.

                                                    *Affirmed.*

### ON REHEARING.

#### June 26, 1912.

PRENDERGAST, Judge.—Within the time after the affirmance of this case, appellant filed a motion for rehearing and a properly sworn to petition for certiorari to bring up the statement of facts. The certiorari was awarded and the record now appears with the statement of facts therein.

The record now shows that appellant requested one special charge which was refused. No exception was taken to the refusal of the court to give the instructions. Therefore, this being a misdemeanor case, this court will not consider the question. We have so many times recently cited the authorities of this court which uniformly hold this that we deem it unnecessary to again cite them, but see Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317.

The only other question is appellant's contention that the evidence is insufficient to sustain the verdict. We have carefully read and studied the evidence, and in our opinion it is sufficient to sustain the verdict. No useful purpose could be served by stating the evidence in this opinion.

The motion is overruled.

*Overruled.*